*202 JUSTICE HARRISON,
dissenting:
As noted in the majority opinion:
“This Court has permitted plaintiffs to recover for their emotional distress as an element of damages in certain underlying actions: (1) private nuisance (French v. Ralph E. Moore, Inc. (1983), 203 Mont. 327, 661 P.2d 844); (2) violation of certain constitutional rights (Johnson, Stensvad v. Towe (Mont. 1988), [232 Mont. 378,] 759 P.2d 138, 45 St.Rep. 1129); and (3) breach of the covenant of good faith and fair dealing (Gibson v. Western Fire Ins. Co. (1984), 210 Mont. 267, 682 P.2d 725; Dunfee v. Baskin-Robbins, Inc. (1986), 221 Mont. 447, 720 P.2d 1148; Safeco Ins. Co. v. Ellinghouse (1986), 223 Mont. 239, 725 P.2d 217).”
The majority also found that Mr. Day’s claim did not fall within any of the above categories. With this holding I must disagree.
In Johnson v. Supersave Markets, Inc. (1984), 211 Mont. 465, 473, 686 P.2d 209, 213, we noted:
“This Court adopts the species of case approach which requires a factual analysis of each case to determine whether the alleged ‘emotional distress’ merits compensation. In determining whether the distress is compensable absent a showing of physical or mental injury, we will look to whether tortious conduct results in a substantial invasion of a legally protected interest and causes a significant impact upon the person of plaintiff.” (Emphasis in original.)
In French, we found that the substantial invasion of a legally protected interest includes injury to real property. In Gibson, we found that there was no impact, except to a medical doctor’s business, and was a property interest and not a personal interest. In the case at bar, plaintiffs’ property suffered serious damage which was caused by the defendant’s negligence. The defendant clearly recognized the seriousness of the property damage when ordered to pay a judgment for that damage. I would hold that the right to be secure in one’s person, papers, and property is a legally protected interest without distinction as to the type of interest involved.
I cannot find it proper that the right to possess property without interference, or the right to pursue a lawful business, are not property rights legally protected both by the United States and Montana Constitutions. The right to pursue a lawful business is, in my opinion, a property right within both the Fifth and the Fourteenth Amendments of the Constitution and was so found in the case of United States v. Tropiano (1969), 418 F.2d 1069, 1075-76. Articles *203 II and III of our Montana Constitution lists as one of those inalienable rights the right to “acquire, possess, protect property.”
This Court was correct in the cases set forth above. The facts of this case show actual physical presence of the plaintiffs at the explosion and demolition of their restaurant. This, in my opinion, is a sufficient basis to allow Mr. Day’s recovery of emotional distress damages.
The Days were clearly entitled to damages for destruction of their property, emotional distress, nervous shock, mental anguish, -and loss of their established way of life all due to the defendant’s negligence.
I would affirm the jury’s award to Mr. Day for emotional distress.
JUSTICE SHEEHY and JUSTICE HUNT join in the foregoing dissent of JUSTICE HARRISON.